RALPH D. EARLE, JR., APPELLANT, v. HENRY W. DURHAM, RESPONDENT.

Argued November 23, 1916—Decided March 5, 1917.

On appeal from the Supreme Court, whose opinion is reported in 89 *N. J. L.* 4.

For the appellant, *Gilbert Collins.*

For the respondent. *John R. Hardin* (*Waldron M. Ward* on the brief).

PER CURIAM.

The judgment of the Supreme Court will be affirmed, for the reasons given in the opinion of Chief Justice Gummere in that court upon the points therein considered.

Counsel for appellant claims that the Supreme Court did not discuss all the points made before them. We find on the brief two points not treated below. One is the sufficiency, in a constitutional sense, of the title 'of the "Small Board of Freeholders act." *Pamph. L.* 1909, *p.* 294; *Pamph. L.* 1912, *p.* 619. The other is that the revised Road act of 1912 (*Pamph. L., p.* 809), which was passed later than the Small Board act of that year, impliedly repeals it as respects the office now in question.

We conceive that neither of these questions is raised by the record. The information sets up merely that the provisions of section 6 of chapter 355 of the laws of 1912 had and have no applicability to the office of county engineer of the county of Bergen, &c. This is repeated in the statement of the case in appellant's brief. It would be sufficient to rest on this answer but for the importance of the legislation.

The argument as to the title of the act runs counter to our holding in *Patterson* v. *Close,* 84 *N. J. L.* 319. It is claimed that that holding was *dictum.* But if so, it was uttered deliberately, and no doubt in view of the importance of setting the sufficiency of the title at rest. We are content to follow it now, without regard to the fact that on the present record our decision on this point may also be called *dictum.*

As to the other point the answer is, that during a course of many years, the Road act and the Small Board act have remained on the statute books side by side, each altered from time to time by the legislature, and treated substantially as interlocking legislation. We read a clear legislative intent that the fundamental purpose and effect of the Small Board act are to be unimpaired by any incidental changes in the Road act; and hence, that the provision for vacating the offices is not superseded by anything in the Road act relating to the appointment and term of office of the county engineer.

*For affirmance*—THE CHANCELLOR, GARRISON, TREN-CHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEP-PENHEIMER, WILLIAMS, GARDNER, JJ.   11.

*For reversal*—None.